IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LINDA WALKER,

    Plaintiff,

                              No. 13-2100-JDT-dkv

vs.

J P MORGAN CHASE BANK, N.A.,
UNITED AUTO DELIVERY & RECOVERY,
and DOES 1-20,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On February 15, 2013, the plaintiff, Linda Walker, filed a *pro se* complaint alleging that the defendants, J P Morgan Chase Bank, N.A. ("Chase") and United Auto Delivery & Recovery, Inc. ("United Auto") wrongfully repossessed her 2005 Mercury automobile, (Compl., D.E. 1) accompanied by a motion seeking leave to proceed *in forma pauperis*, (Mot., D.E. 2).[1] On February 15, 2013, the court issued an order granting the plaintiff leave to proceed *in*

---

[1] The plaintiff also named "Does 1-20" as defendants. Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that the complaint be dismissed against the John Doe defendants.

*forma pauperis*, (Order, D.E. 3), and referred the case to the *pro se* staff attorney for screening. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, D.E. 4.) For the reasons that follow, it is recommended that this case be dismissed.

## I. PROPOSED FINDINGS OF FACT

The plaintiff's complaint is styled as a "COMPLAINT FOR VIOLATION OF ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT, CONSUMER CREDIT PROTECTION ACT, CONSPIRACY TO DEFRAUD, MAIL AND WIRE FRAUD Fair [sic] Credit Reporting ACT (FCRA) (15 U.S.C. §§ 1681-1681t) and the Federal Consumer Protection Act (15 U.S.C. §1601 et seq.) [sic] motor-vehicle theft under Tennessee Code Annotated section 97-17-42 (Supp. 2011)." (D.E. 1 at 1.) The plaintiff "invokes the jurisdiction of this court pursuant to 28 USC [sic] § 1343(A)(3)(4), Section 1331, and pursuant to the 14th Amendment, title 42 USC Section. [sic] 1983, and the Civil Rights Act of 1870." (*Id.* ¶ 4.)

The complaint alleges that the plaintiff is "a natural person who resides in Shelby County, Tennessee, (*id.* ¶ 6), that the defendant Chase's "business consists of financing vehicles and supporting its dealers," (*id.* ¶ 7), and that the defendant United Auto is "a full service repossession agency located in Memphis, TN, (*id.* ¶ 8). The plaintiff further alleges that her causes of action

arose in the Western District of Tennessee, (*id.* ¶ 4), although she invokes "the powers and protections of the Constitution and Bill of Rights of the State of Mississippi, (*id.* ¶ 5).

In the complaint, the plaintiff alleges that on November 29, 2008, she purchased a 2005 Mercury automobile and financed the purchase with Chase. (*Id.* ¶ 29.) The plaintiff was obligated to pay $373.85 per month for sixty months pursuant to a conditional sales contract. (*Id.*) The plaintiff further alleges that on November 1, 2012, she attempted to pay the remaining balance of $9,000.00 to Chase by an electronic funds transfer ("EFT") sent by certified mail, (*id.* ¶ 18), that Chase refused to accept the EFT, stating that "[t]he instrument is not an acceptable form of payment and was not applied to your account," (*id.* ¶ 19), and that Chase failed to return the unidentified EFT instrument, (*id.* ¶ 23).[2] The plaintiff contends that the refusal to credit her account or return the EFT instrument has discharged her debt. (*Id.*) The complaint further alleges that on January 15, 2013, "the defendant" (presumably Chase) repossessed the 2005 Mercury. (*Id.* ¶ 31.)

The plaintiff seeks compensatory damages in the amount of $14,000 and punitive damages in the amount of $28,000. (*Id.* at

---

[2]    In paragraphs 18 and 19 of the complaint, the plaintiff references Exhibits 1 and 2 but there are no exhibits attached to the complaint.

3

18.) She also seeks declaratory relief, (*id*. ¶¶ 14-16), and injunctive relief, (i*d*.¶¶ 55-61).[3]

In short, the crux of the plaintiff's complaint is that she financed a Mercury automobile in 2008, made some payments, drove around in the car for over four years, stopped making payments, and attempted to pay off the remaining debt in farcical fashion. The plaintiff wants the court to reward her default on the debt by declaring the debt discharged and awarding her more money than the car was worth at the time it was repossessed.

## II.   PROPOSED CONCLUSIONS OF LAW

A.   28 USC 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The Clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i)      is frivolous or malicious;

_____

[3]   The plaintiff seeks injunctive relief to prevent repossession and loss of her automobile, (D.E. 1 ¶¶ 58-59), but the plaintiff claims that her car has already been repossessed, (D.E. 1 ¶ 31). Accordingly, this claim is moot, and it is recommended that it be dismissed for failure to state a claim.

(ii)     fails to state a claim on which relief may be granted; or

(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  This report and recommendation will constitute the court's screening.

B.     <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the amended complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Willams v. Curtin* , 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the

nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Flayter v. Wis. Dep't of Corr.*, 16 Fed. App'x 507, 509 (7th Cir. 2001)(dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); *Plymale v. Freeman*, 930 F.2d 919 (table), 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991)(finding that district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim

is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.")(citation omitted)(internal quotation marks omitted); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983)(per curiam)(affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); *Gordon v. Green*, 602 F.2d 743, 744-45 (5th Cir. 1979)(concluding that a 4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); *Windsor v. A Federal Exec. Agency*, 614 F. Supp. 1255, 1258 (M.D. Tenn. 1983)(noting that a 47-page complaint was excessive, in light of the purpose of a pleading to state a simple claim, as well as "confusing and distracting" and ordering plaintiff to amend his complaint to comply with Rule 8), *aff'd mem.*, 767 F.2d 923 (table), 1985 WL 13427 (6th Cir. June 27, 1985)(per curiam).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown*

*v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   <u>Claims under the Electronic Funds Transfer Act</u>, 15 U.S.C. § <u>1693 *et seq.*, the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*, and Regulation E, 12 C.F.R. 205 *et seq.* (Compl., D.E. 1 ¶¶ 1-3, 17-19, 36-39, and 50-52)</u>

The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") was enacted as part of the comprehensive Consumer Credit Protection Act, 15 U.S.C. §§ 1601-1693r ("CCPA") and "protects individual consumer rights by 'provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of

participants in electronic fund transfer systems.'" *Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 351 (6th Cir. 2008)(citing 15 U.S.C. § 1693(b)). Because EFTA is a remedial statute, it is accorded "'a broad, liberal construction in favor of the consumer.'" *Id.* (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1998)).

The implementing regulations for EFTA, which are known as "Regulation E" and codified at 12 C.F.R. § 205 *et seq.*, state that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer." 12 C.F.R. § 205.10(b). The regulations further provide that "[t]he person that obtains the authorization shall provide a copy to the consumer." *Id.*

Importantly, because EFTA deals with electronic funds transferred directly from bank accounts, it applies to debit cards, but not credit cards. *See* 15 U.S.C. § 1693(a)(6)(defining electronic fund transfer); *In re Vistaprint Corp. Mktg. & Sales Practices*, MDL No. 4:08-md-1994, 2009 WL 2884727, at *8 (S.D. Tex. Aug. 31, 2009)(EFTA does not apply to transactions involving credit cards); *Sanford v. Memberworks, Inc.*, No. 02CV0601-LAB(JFS), 2008 WL 4482159, at *2 (S.D. Cal. Sept. 30, 2008)(same). EFTA allows recovery for actual damages, statutory damages for technical violations, and attorney's fees and costs. 15 U.S.C. § 1693m(a).

Under the EFTA, the term "electronic fund transfer" means any

transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone. 15 U.S.C. § 1693a(7). Electronic fund transfers covered by the Act have three components: 1) a transfer of funds, 2) initiation by electronic means, and 3) a debit or credit to a consumer account.

Here, the plaintiff alleges in her complaint that she initiated an EFT transfer by certified mail, not by electronic transfer. Her attempted transaction is therefore clearly not covered by the EFTA, and her allegations are insufficient to demonstrate any violation of the CCPA. Accordingly, it is recommended that any claims under the EFTA, the CCPA, and Regulation E be dismissed for failure to state a claim.

D.    Claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Compl., D.E. 1 ¶¶ 40-43)

The plaintiff fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, because the complaint fails to allege that either of the defendants are "debt collectors" within the meaning of the statute. (D.E. 1 ¶¶ 7-8.)    Chase, as a creditor, cannot be sued under the FDCPA.

*Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-cv-00264, 2012 WL 610191, at *7 (M.D. Tenn. Feb. 24, 2012)(dismissing FDCPA claim "[b]ecause the instant Defendants are creditors"), *report and recommendation adopted*, 2012 WL 848041 (M.D. Tenn. Mar. 12, 2011). The plaintiff's complaint fails to allege facts demonstrating that either of the defendants' principal purpose is collecting debts. Accordingly, it is recommended that any claims under the FDCPA be dismissed for failure to state a claim.

E.    <u>Claim under the Fair Credit Reporting Act ("FCRA"), 15</u>
      <u>U.S.C. §§ 1681-1681t (Compl., D.E. 1 at 1)</u>

      The plaintiff's complaint is styled as a "COMPLAINT FOR VIOLATION OF ELECTRONIC FUND TRANSFERS ACT, FAIR DEBT COLLECTION PRACTICES ACT, CONSUMER CREDIT PROTECTION ACT, CONSPIRACY TO DEFRAUD, MAIL AND WIRE FRAUD Fair [sic] Credit Reporting ACT (FCRA) (15 U.S.C. §§ 1681-1681t) . . . ."  Other than this one reference to the FCRA, there is no other mention of the FCRA and no specific factual allegations directed toward a violation of the FCRA. Without some factual allegation, the plaintiff cannot satisfy Rule 8's requirement of stating a short and plain statement of a claim showing that the pleader is entitled to relief.  Accordingly, it is recommended that any claims under the FCRA be dismissed for failure to state a claim.

F.    <u>Claims Under 42 U.S.C. §§ 1983, 1985, 1986, and 1988</u>
      <u>(Compl., D.E. 1 ¶ 4)</u>

      The plaintiff states in the complaint under the heading of

"Jurisdiction and Venue" that she "brings this action pursuant to sections 1983, 1985, 1986, and 1988." (D.E. 1 ¶ 4.)    The plaintiff, however, does not support this formulaic recitation of these statutes with any underlying factual allegations.

1. *Section 1983*

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  The two defendants named in the complaint, Chase and United Auto Delivery, are private companies and corporations.  In general, private companies and corporations do not act under color of state law. *See Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. 2000)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)(holding that action of private, state-regulated insurance company not under color of state law); *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982)(holding that private school's decisions not attributable to state despite extensive state regulation of school); *Blum v. Yaretsky*, 457 U.S. 991, 1008-12 (1982)(holding that nursing home not a state actor despite extensive state regulation of the industry); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358-59 (1974)(holding that heavily regulated electric company's decision is not a state action); *Adams v. Vandemark*, 855

F.2d 312, 317 (6th Cir. 1988)(holding private corporation not a state actor despite being subject to state regulation). There are no allegations whatsoever in the complaint that reasonably suggest that the defendants engaged in conduct that could be construed as "state action." Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 be dismissed for failure to state a claim.

2. *Section 1985*

The complaint also does not assert a valid claim against any defendant under 42 U.S.C. § 1985, which prohibits conspiracies to deprive persons of certain civil rights on account of their membership in a protected class. Although the complaint does not specify which of the three subsections of § 1985 is at issue, the plaintiff presumably is relying on 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). Construed liberally, the plaintiff's

complaint does not allege that the defendants were motivated by racial, or other class-based, discriminatory animus. Accordingly, it is recommended that any claim under 42 U.S.C. § 1985 be dismissed for failure to state a claim.

3. *Section 1986*

Because the plaintiff has no viable claim under 42 U.S.C. § 1985, she also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005)(internal quotation marks omitted). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id.* at 315; *Bass*, 167 F.3d at 1051 n.5. Accordingly, it is recommended that any claim under 42 U.S.C. § 1986 be dismissed for failure to state a claim.

4. *Section 1988*

The other federal statute cited by the plaintiff, 42 U.S.C. § 1988, does not itself provide a cause of action. *Moor v. Alameda Cnty.*, 411 U.S. 693, 710 (1973); *Henderson v. Reyda*, 193 Fed. App'x 392, 397 (6th Cir. 2006); *Vaughan v. City of Shaker Heights*, No. 1:10-CV-0609, 2011 WL 5966808, at *1 n.2 (N.D. Ohio Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 5966732 (N.D. Ohio Nov. 28, 2011); *Cortis v. City of Coleman*, No. 10-13261-BC, 2011 WL

1518901, at *6 (E.D. Mich. Apr. 20, 2011). Accordingly, it is recommended that any claim under 42 U.S.C. § 1988 be dismissed for failure to state a claim.

G. <u>Claim for Fraud (Compl., D.E. 1 ¶¶ 20-27)</u>

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999)("'[A]llegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'") (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

> [A] complaint is sufficient under Rule 9(b) if it alleges the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud, and enables defendants to prepare an informed pleading responsive to the specific allegations of fraud.

*United States ex rel. Poteet v. Medtronic, Inc.*, 52 F.3d 503, 518 (6th Cir. 2009)(internal quotation marks omitted). "A court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson v. HCA-The HealthCare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)(citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

In order to state a claim for fraud under Tennessee law, a plaintiff must plead the following elements: (1) a representation

of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact, (4) the false representation was made knowingly, without belief in its truth, or recklessly; (5) the plaintiff reasonably relied on the misrepresentation; and (6) the plaintiff suffered damages as a result of the misrepresentation. *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008); *see also Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992)(grouping the requirements into four elements).

Upon review of the plaintiff's complaint, and construing all inferences in the plaintiff's favor, the plaintiff has failed to plead a claim of fraud, even under the lenient standard applied to *pro se* plaintiffs. The plaintiff does not allege that she was damaged as a result of any false statement by defendants. Chase advised the plaintiff that her attempted EFT transaction was not an acceptable form of payment and was not applied to her debt. From the facts before the court, the plaintiff cannot establish the elements required for fraud under Tennessee law.

H. <u>Claim for Auto Theft under Tenn. Code Ann. § 97-17-42(1)</u>

The plaintiff includes a Tennessee criminal statute, Tenn. Code Ann. § 97-17-42(1) for auto theft as grounds for her lawsuit. This is a civil action. Absent a private right of action, Plaintiff cannot recover civilly for violation of a criminal statute. *Collins*, 2012 WL 610191, at *7 (dismissing plaintiff's claims for criminal forgery and criminal grading of theft offenses

16

in civil action), *report and recommendation adopted*, 2012 WL 848041 (M.D. Tenn. Mar. 12, 2011).  Accordingly, it is recommended that the plaintiff's claim for auto theft be dismissed for failure to state a claim.

I.  <u>Subject-Matter Jurisdiction</u>

The court must also determine whether it has subject-matter jurisdiction over this action.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited

jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In her complaint, the plaintiff alleges the following bases for this court's jurisdiction:

> Plaintiff . . . invokes the jurisdiction of this court pursuant to Title 28 USC [sic] Section 1343(A)(3)(4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section. [sic] 1983, and the Civil Rights Act of 1870.

(Compl., D.E. 1 ¶ 4.)

1. *Jurisdiction under 28 U.S.C. § 1343(4)*

28 U.S.C. § 1343(4) confers federal jurisdiction over suits "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343(a)(4). The Supreme Court has rejected the position that § 1343(4), now § 1343(a)(4), "encompass[es] all federal statutory suits," *Chapman v. Houston*

*Welfare Rights Org.*, 441 U.S. 600, 618 (1979), or "allow[s] jurisdiction without respect to the amount in controversy for claims which in fact have nothing to do with 'civil rights,'" *id.* at 620.

> [T]he Congress that enacted § 1343(4) was primarily concerned with providing jurisdiction for actions dealing with the civil rights enumerated in 42 U.S.C. § 1985, and most notably the right to vote. While the words of [that] statute[] are not limited to the precise claims which motivated their passage, it is inappropriate to read the jurisdictional provisions to encompass new claims which fall well outside the common understanding of their terms.

*Id.* at 621.

In *Chapman*, the Supreme Court held that the Social Security Act is not a statute providing for "civil rights" within the meaning of § 1343(a)(4). *Id.* at 623. Similarly, the complaint in this case does not allege a violation of any federal statute providing for the protection of civil rights. Just as the Social Security Act is not an "Act of Congress providing for the protection of civil rights," none of the federal statutes cited in Young's complaint provides for the protection of civil rights. Therefore, there is no jurisdiction under 28 U.S.C. § 1343(a)(4).

2. *Federal Jurisdiction under 28 U.S.C. § 1331*

The plaintiff also alleges subject-matter jurisdiction under 28 U.S.C. § 1331, which provides for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Despite a reference to the United States Constitution in paragraph 5 and to the 14th Amendment in paragraph

4, the complaint does not allege a constitutional violation nor is there any allegation that the defendants have violated any treaty. The complaint does not assert a viable claim arising under any federal statute, either. As discussed above, the complaint fails to state a viable federal claim under any of the federal statutes referenced in the plaintiff's complaint.

   3.   *Diversity Jurisdiction*

Although the complaint does not allege diversity jurisdiction, the court must also consider whether it has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The plailntiff, however, has failed to allege sufficient facts in her complaint to establish diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 Fed. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco*

*Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The complaint does not allege the citizenship of any of the parties. The complaint states "Plaintiff Linda Walker ("Plaintiff") is a natural person who resides in Shelby County, Tennessee," but the complaint does not allege her citizenship. (Compl., D.E. 1 ¶ 6.) The complaint contains no allegations as to either of the defendants' place of incorporation or principal place of business. In addition, the amount in controversy does not exceed $75,000 exclusive of costs and interest. Thus, the court lacks diversity jurisdiction.

4. *Jurisdiction over Remaining State-Law Claims*

The plaintiff also purports to assert claims under state law for wrongful repossession and violation of the Uniform Commercial

Code ("UCC"), (Compl., D.E. ¶¶ 17-19), and conversion, (Compl., D.E. ¶¶ 28-35). As discussed above, the court has determined that every federal claim asserted by the plaintiff should be dismissed for failure to state a claim and that the complaint does not provide a basis for federal subject-matter jurisdiction under 28 U.S.C. § 1331. Without a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over any state law claims by the plaintiff for wrongful repossession, violation of the UCC, and conversion. *See* 28 U.S.C. § 1367(c)(3)("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, it is recommended that any remaining state-law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, and judgment be entered for the defendants.

Respectfully submitted this 25th day of April, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.