# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| LINDA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2100-JDT-dkv |
| | ) | |
| J P MORGAN CHASE BANK, N.A., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Linda Walker, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on February 15, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (D.E. 3.) The case was referred to the U.S. Magistrate Judge on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 4.) On April 25, 2013, the Magistrate Judge issued a Report and Recommendation For *Sua Sponte* Dismissal. (D.E. 5.) Objections to that report and recommendation were due within 14 days, on or before May 9, 2013. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

Plaintiff's complaint alleges that the Defendants, J P Morgan Chase Bank, N.A., United Auto Delivery and Recovery, Inc., and John Does 1 - 20, wrongfully repossessed her automobile.  She asserts claims under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and its implementing regulations, known as "Regulation E," 12 C.F.R. § 205 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; and 42 U.S.C. §§ 1983, 1985, 1986 and 1988.  Plaintiff also asserts a claim under Tennessee law for fraud and a claim of automobile theft under Tenn. Code Ann. § 97-17-42(1).

The Magistrate Judge has recommended dismissal prior to service on the Defendants for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.  Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation.  The Magistrate Judge thoroughly explained her decision, and the issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this Court's jurisprudence.  Therefore, the Court ADOPTS the report and recommendation of the Magistrate Judge.  For the reasons set forth in that report and recommendation, this case is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so.  Pursuant to the Federal Rules of

2

Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must

obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800,

803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in*

*forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis*

without further authorization unless the district court "certifies that the appeal is not taken

in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."

If the district court denies pauper status, the party may file a motion to proceed *in forma*

*pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438,

445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court

to determine that a complaint should be dismissed prior to service on the defendants, but has

sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d

1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this

case for failure to state a claim and for lack  of subject matter jurisdiction also compel the

conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by

Plaintiff is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is,

therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, she must also pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting

affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.

4